COMMONWEALTH *vs.* JAMES McPARLAND & others.

Norfolk.  November 26, 1888. — December 3, 1888.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Conspiracy — Indictable Offence.*

The act of several persons in combining honestly to procure another to be proceeded against criminally, while another complaint for the same offence is pending against him, in order to secure by honest means a judicial determination of his innocence, does not constitute an indictable offence.

INDICTMENT for conspiracy against James McParland, Philip McParland, Philip Byers, and John T. Hood, all of Franklin, alleging that " Philip Byers had been duly tried and found guilty by one George W. Wiggin, a trial justice within and for said county of Norfolk, upon a complaint, in due form of law, charging that said Philip Byers, at Franklin, in the county of Norfolk," did keep and maintain a certain common nuisance, to wit, a tenement used for the illegal sale and illegal keeping for sale of intoxicating liquors, from October 4, 1887, to November 21, 1887 ; " from which said judgment of said trial justice, so rendered as aforesaid, said Philip Byers appealed to the Superior Court then next to be holden at Dedham, within and for the county of Norfolk, on the first Monday of December, in the year of our Lord one thousand eight hundred and eighty-seven, when and where, in said Superior Court, the said complaint came on to be heard, examined into, and tried ; that said James McParland, Philip McParland, Philip Byers, and John T. Hood,

well knowing that said complaint against said Philip Byers had so been tried by said George W. Wiggin, a trial justice, as aforesaid, and that said complaint had come on to be heard, examined into, and tried, and was pending in said Superior Court on the thirteenth day of December, in the year of our Lord one thousand eight hundred and eighty-seven, at Bellingham, in the county of Norfolk, the said James McParland, Philip McParland, Philip Byers, and John T. Hood, being evil disposed persons, and contriving and intending to prevent the due course of law and justice, and with wicked intent to cause it falsely to appear of record that said Philip Byers had been tried, found not guilty, and discharged upon a complaint charging him, the said Philip Byers," with keeping and maintaining a common nuisance, to wit, a tenement in Franklin, used for the illegal sale and illegal keeping for sale of intoxicating liquors, from October 4, 1887, to November 21, 1887, " being the same offence which was described in said complaint that had come on to be heard, examined into, and tried, as aforesaid, in said Superior Court, and with intent thereby then and there to cause said Philip Byers to be discharged upon said complaint so having come on to be heard, examined into, and tried in said Superior Court, unlawfully and wickedly did combine, conspire, confederate, and agree that one Charles W. Weeks should then and there make complaint to one Nathan A. Cook, a trial justice at Bellingham, within and for said county of Norfolk, in due form of law, charging him, said Philip Byers," with keeping and maintaining a common nuisance, to wit, a tenement in Franklin, used for the illegal sale and illegal keeping for sale of intoxicating liquors, from October 4, 1887, to November 21, 1887; " and did unlawfully and wickedly conspire, combine, and confederate and agree together to cause the said Philip Byers to be acquitted and discharged by the said Nathan A. Cook, trial justice, as aforesaid, upon the complaint made to him, the said Nathan A. Cook, by said Charles W. Weeks, and mutually to aid and assist one another in perfecting and putting in execution the said unlawful and wicked conspiracy, combination, confederacy, and agreement, against the peace of the said Commonwealth, and contrary to the form of the statute in such case made and provided."

In the Superior Court, before the jury was impanelled, the defendants filed a motion to quash the indictment for the reason, among others, that it did not set forth " any criminal or unlawful conspiracy or offence."    *Blodgett,* J., overruled the motion.

The defendants were then tried, and the jury returned a verdict of guilty; and the defendants alleged exceptions.

*J. L. Eldridge,* for the defendants.

*A. J. Waterman,* Attorney General, *&amp; H. A. Wyman,* Second Assistant Attorney General, for the Commonwealth.

HOLMES, J.    The defendants are alleged to have conspired and agreed that one Weeks, seemingly a stranger to the agreement and ignorant of it, should make a complaint, honestly so far as appears, against the defendant Byers, before a trial justice, for keeping a nuisance, and further to have conspired and agreed to cause Byers to be acquitted upon the complaint, and to aid one another in putting into execution their alleged conspiracy.    These are the only acts which the defendants are alleged to have conspired to do.    The intent alleged, " to cause it falsely to appear of record that said Philip Byers had been tried, found not guilty, and discharged," etc., is not consistent with the alleged intent and effect of the acts to be done, since those acts were to result in an acquittal, and therefore were to cause it truly to appear of record that Byers had been acquitted.

It is not alleged that the conspiracy contemplated the use of any improper means to procure Byers's acquittal, or that Byers was not innocent in fact.    There is no law that we know of to prevent a man's friends combining to help him by honest means to an acquittal from a false charge.    We are not prepared to say that it is unlawful for them, with his consent, to procure him to be proceeded against in order to secure by honest means, a judicial determination of his innocence.

. It is alleged that, at the time of the alleged conspiracy, Byers had been complained of for the same offence before another trial justice, had been found guilty, and had appealed, and that his case was then pending in the Superior Court, as the defendants knew; and it is further alleged that they conspired as stated with intent to prevent the due course of law and justice.    But

a man may lawfully be complained of notwithstanding there is another complaint pending for the same cause. *Commonwealth v. Drew*, 3 Cush. 279. *Commonwealth v. Murphy*, 11 Cush. 472. *Commonwealth v. Berry*, 5 Gray, 93. *Commonwealth v. Lahy*, 8 Gray, 459. And if the defendants should have done only the lawful acts which we have mentioned, although they might have prevented a conviction if successful, they could not have prevented the due course of law.

*Exceptions sustained, and indictment quashed.*